UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X           **NOT FOR PUBLICATION**
ANTHONY CELENTANO

       Petitioner,

                                                                       **MEMORANDUM & ORDER**
    - against -                                                           05-CV-3263 (NGG)

UNITED STATES,

       Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

       Petitioner Anthony Celentano has moved pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus instructing the Bureau of Prisons to credit him for pre-sentencing time served in a federal prison. The Government submits that Celentano's petition is improperly brought, untimely, barred by a plea agreement, and lacks merit.

       For the reasons set forth herein, Celentano's petition is found to be appropriately characterized as a petition pursuant to 28 U.S.C. 2241, and this court shall hold Celentano's petition in abeyance for ninety (90) days or until he informs this court whether he consents to have this petition deemed a § 2241 petition, and transferred to the District of New Jersey.

**I.    Background**

       The following facts are uncontested. On February 19, 2002, Petitioner, who at the time was serving a New York State sentence, entered federal custody when he was arrested on a federal bank robbery indictment and 'writted' from the New York State Department of Corrections to the Metropolitan Detention Center ("MDC") in Brooklyn. (Gov't Ltr. Br., dated Oct. 3, 2005, at 1.) He later pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a)

pursuant to a plea agreement. (Id.; Plea Agreement, annexed as id., Ex. A ("Plea Agreement").) The Plea Agreement provides that Petitioner can not "file an appeal or otherwise challenge the conviction or sentence if in the event that the Court imposes a term of imprisonment of 105 months or below." (Plea Agreement ¶ 4.) On October 9, 2002, Petitioner allocuted to having violated 18 U.S.C. § 2113(a), and acknowledged the appeal waiver provision of the Plea Agreement. (Plea Hearing Transcript, annexed as Gov't Ltr. Br., dated Oct. 3, 2005, Ex. B ("Plea Hearing Transcript"), at 15-20.) At Petitioner's Plea Hearing, I asked the government how this sentence would interact with his state sentence:

| | |
|---|---|
| The Court: | . . . . the sentence imposed by the Court may run consecutively to any other sentence you are currently serving. |
| [Prosecutor]: | The defendant was in state custody before he was writted over to federal custody. |
| The Court: | Has he completed his time? |
| [Defense Counsel]: | He was serving state time at the time he was writted over. |
| The Court: | Is the state time completed? |
| [Defense Counsel]: | No, it is not. |
| The Court: | So, it will be consecutive time, rather? |
| [Prosecutor]: | It's up to your Honor's discretion. |

(Plea Hearing Transcript, at 12.)

On March 5, 2003, I sentenced Petitioner to 63 months in prison. (Sentencing Hearing Transcript, annexed as Gov't Ltr. Br., dated Oct. 3, 2005, Ex. D ("Sentencing Hearing Transcript"), at 19.) After issuing the sentence, defense counsel raised the issue of whether the

2

sentence would include the year that Petitioner spent in pre-sentence detention at the MDC:

> [Defense Counsel]: What is the court's intention with respect to the time he served in federal custody already? Because this is an issue on which the Bureau of Prisons wants an explicit statement.
>
> [Prosecutor]: Your Honor, the BOP decides that. I think in all cases the defendant is credited for the time in federal custody.
>
> The Court: Yes.
>
> [Defense Counsel]: The only reason --
>
> The Court: Let me put it this way. If that's the case, where the Bureau of Prisons decides, it is my recommendation that he be credited for the time he has served while awaiting sentencing on this charge against the sentence that I just imposed.
>
> [Defense Counsel]: Your Honor, just – the reason why I brought it up is because – I litigated a case, a similar issue in front of Judge Dearie, where we had the same colloquy five years ago. We had to bring a habeas. The government consented to the --
>
> The Court: Do you want me to put it in – I will put my recommendation in the judgment.
>
> [Defense Counsel]: That's Fine.
>
> The Court: All right. So there is no question. If I am not here to deal with it, you can deal with it with the judgment in your hand.
>
> [Defense Counsel]: That's fine.

(Sentencing Hearing Transcript, at 22.) Subsequently, in the Judgment, I ordered that Petitioner's sentence "shall run concurrently with any sentence the defendant is currently serving. Sentence is imposed with the expectation that the Bureau of Prisons will credit the defendant from the time he was originally arrested." (Judgment, annexed as Gov't Ltr. Br., dated Oct. 3,

2005, Ex. C., at 2.) I wrote this with the understanding from the Assistant United States Attorney who appeared at Petitioner's sentence hearing that BOP would credit him for his pre-sentence detention in a federal facility.

Upon designation to a federal correctional facility, Petitioner asked for a calculation of prison time. (Epstein Decl. ¶ 11.) The Bureau of Prisons ("BOP") informed Celentano that he would not receive credit for his pre-sentence detention. (Id.) Petitioner exhausted his administrative remedies, and received a final administrative decision sometime after August 2004 upholding the original decision that his pre-sentencing detention would not count towards his sentence. (Id. ¶¶ 11-12.)

Petitioner filed this petition along with a memorandum in support of the petition on July 8, 2005. The Government responded on October 3, 2005. On November 29, 2005, defense counsel filed a letter brief to supplement his memorandum of law in support of the petition.

## II. Discussion

Petitioner argues that this court properly granted the prisoner credit for pre-sentence time served in the MDC, that the BOP is in violation of the Judgment by excluding Petitioner's pre-sentence detention in its calculation of Petitioner's sentence pursuant to this court's Judgment, and that this court has the power to correct Petitioner's sentence via a writ of habeas corpus. (Pet.'s Mem. Supp., 2-4.) The Government advances four arguments in support of its position that Petitioner's sentence should not include his pre-sentence prison term at MDC: (1) that § 2255 is an inappropriate vehicle to bring this claim, and this claim should have been brought pursuant to § 2241, which governs petitions to recalculate sentences; (2) that the petition is untimely; (3) that Petitioner's claim is barred by the Plea Agreement; and (4) that the claim lacks

4

merit. (Gov't Mem. Opp., 2-5.) Because I find that the instant petition may only be brought pursuant to § 2241, and that venue lies in the District of New Jersey, this court lacks jurisdiction to address the government's other defenses and the merits of Petitioner's claims.

### A. 28 U.S.C. § 2241

The Second Circuit instructs that "[a] petitioner seeking to challenge the legality of the imposition of a sentence by a court may therefore make a claim pursuant to Section 2255. . . . A challenge to the execution to the sentence as it was imposed, however, is properly filed pursuant to Section 2241." Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); see also Dioguardi v. United States, 587 F.2d 572, 573 (2d Cir. 1978).

This court must therefore decide whether Petitioner seeks to challenge the sentence that this court imposed, or the execution of the sentence by BOP. Petition seeks a ruling from this court that a prisoner is entitled to "credit" for the time in which the prisoner is "writted" to federal prison for pre-sentence detention, where the judgment calls for a concurrent sentence in federal court while he was serving a state sentence for an unrelated crime, and where the sentencing court articulates the unambiguous expectation that the prisoner will be so credited. Significantly, his petition does not dispute the terms of the sentence that this court imposed, but rather challenges the BOP's interpretation of federal law and regulations. See, e.g., United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (finding that credit for custody prior to sentence "is granted by the Attorney General through the [BOP] after the defendant is sentenced"); Rosario v. United States, No. 02-Civ. 3360, 2004 U.S. Dist. LEXIS 3715, at *10-*11 (S.D.N.Y. Mar. 9, 2004) ("It is well established that the Bureau of Prisons, not the courts, decides whether the petitioner should receive credit for any prior time spent in custody." (citing United States v.

5

Montez-Garcia, 163 F.3d 697, 700-1 (2d Cir. 1998))). I find that this question asks this court to review "the manner in which [the sentence] is being executed." Dioguardi v. United States, 587 F.2d 572, 573 (2d Cir. 1978). This Petition is therefore more appropriately brought pursuant to § 2241. See Labeille-Soto, 163 F.3d at 99 (Whether BOP properly granted credit is subject to challenge pursuant to § 2241); Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002) (Challenge to BOP refusal to follow the sentencing court's order brought pursuant to § 2241.); Rosario, 2004 U.S. Dist. LEXIS 3715, at *5 (A petition for credit of pre-sentence time in federal prison is a claim under § 2241.); White v. Siley, 99-CV-1147, 2001 U.S. Dist. LEXIS 23755, at *4 (N.D.N.Y. Feb. 15, 2001) (same).

The Second Circuit has held that a district court that finds a petition to have been improperly brought under § 2255 cannot simply deem the petition as having been brought pursuant to § 2241 because a prisoner might then be foreclosed from bringing a successive § 2241 petition. Simon v. United States, 359 F.3d 139, 144 (2d Cir. 2004). Instead, this court is required to "give notice, and obtain consent, before construing a petitioner's filing as a § 2241 petition." Id. I therefore must hold Petitioner's petition in abeyance pending Petitioner's response as to whether he consents to have this court deem his petition as arising under § 2241.

**B.    Venue**

Furthermore, § 2241 requires "that the court issuing the writ have jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973). The government argues that because Petitioner is currently imprisoned in Fort Dix, New Jersey, that the proper venue is the District of New Jersey. (Gov't Ltr. Br, dated Oct. 3, 2005, at 2.) "In general, courts have treated the individual with day-to-day control over the petitioner as the custodian for habeas

6

purposes." Henderson v. INS, 157 F.3d 106, 122 (2d Cir. 1998)  This is because the penal institution where the petitioner is located has immediate power to "produce" the petitioner and is located in the same place as the petitioner.  Id.  As Petitioner is detained in the Fort Dix, New Jersey federal penitentiary, venue is in New Jersey District Court.  Accordingly, if Petitioner permits this court to deem his petition as arising under § 2241, this court will transfer this case to New Jersey District Court pursuant to 28 U.S.C. § 1631.

## III.     Conclusion

For the reasons set forth above, Celentano's petition for a writ of habeas corpus is held in abeyance for Petitioner to inform this court whether he consents to the deeming of his petition as pursuant to § 2241.  Upon conversion of this petition to a § 2241 petition to challenge BOP's execution of his sentence, I shall transfer the petition to the District of New Jersey.  If Petitioner fails to respond within this period, I shall construe his silence as a denial of permission to transfer, and I shall dismiss his petition without prejudice.

SO ORDERED.

Dated: March 26, 2006                                       _____/s/_____
          Brooklyn, N.Y.                                              Nicholas G. Garaufis
                                                                              United States District Judge